UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE FRANCISCO MOLINA, JR., et al.,<br><br>Debtors. | Case No: CV 10-0575 SBA<br><br>[Bankruptcy Petition 09-71787]<br><br>**ORDER DENYING DEBTORS' MOTION FOR WITHDRAWAL OF REFERENCE** |

This matter is presently before the Court on the pro se Motion for Withdrawal of Reference filed by Debtors Francisco Molina, Jr., and Josephine Molina on February 10, 2010. (Docket No. 1.) Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b).

**I.   PROCEDURAL BACKGROUND**

Debtors Francisco Molina, Jr., and Josephine Molina ("Debtors") filed a Chapter 7 bankruptcy case on December 9, 2009. (Docket No. 1.) In that proceeding, Debtors filed an ex parte motion to void a lien placed on their home by one of their creditors, Wells Fargo, on the basis that Wells Fargo had allegedly committed "fraud upon the court." (Id.) On January 5, 2010, Judge Randall Newsome issued an order denying Debtors' motion. (Id.)

On January 15, 2010, Debtors filed in their bankruptcy proceeding a "MOTION TO WITHDRAW REFERENCE, as to Void the Wells Fargo Liens Against Debtors' House for Fraud by Wells Fargo Bank," "pursuant to FRCP Rule 9(b) Fraud Mistake, Conditions of Mined (sic)." (Id.) Under Bankruptcy Court Local Rule 5011-2(a), their motion to withdraw reference was transmitted to this Court. (Id.) On February 19, 2010, Debtors filed in this

Court a "complaint" against Wells Fargo, essentially restating their motion for withdrawal of reference. (Docket No. 3.) The gravamen of Debtors' fraud claim in their withdrawal papers is that "plaintiff discovered at the Chapter 7 debt review a fraudulent charge to Plaintiff/ Debtor" by Wells Fargo, and that "a charge of $201,665.57 was piled upon Plaintiff/Debtor without his consent or knowledge." (Id.) On March 31, 2010, Debtors filed a "motion for entry of default judgment" against Wells Fargo on the ground that it failed to answer their complaint. (Docket No. 10.)

On March 24, 2010, the clerk of the court entered a declination of default. (Docket No. 9.) On March 31, 2010, Debtors again filed a "motion for default" against Wells Fargo. (Docket No. 10.) No default has been entered. On April 2, 2010, Debtors filed a "first amended complaint" restating the contents of their initial motion for withdrawal of reference, and adding an affirmative claim under the Truth in Lending Act ("TILA"), 15 U.S.C. 1601, et seq., as well as claims for constructive fraud and for punitive damages. (Docket No. 11.)[1] Wells Fargo filed its opposition to Debtors' motion for withdrawal of reference on April 7, 2010. Thereafter, Debtors filed a "Motion for Clear Error of Review of 'Wells Fargo Opposition to Debtor's Motion for Withdrawal of Reference,'" which this Court liberally construes as Debtors' reply to Wells Fargo's opposition to the withdrawal motion. (Docket No. 13, filed April 12, 2010.)

On April 30, 2010, Debtors filed a "Motion to Compel Responses of Subpoenas to Produce Documents," seeking discovery responses from Wells Fargo. This case was then referred to Magistrate Judge Chen for discovery purposes. After a hearing on Debtors' motion to compel, Judge Chen issued an order denying Debtors' motion because, among other reasons, the motion was premature as this Court had not yet ruled on Debtors' motion to withdraw reference to the bankruptcy court. (Docket No. 22, filed July 2, 2010.)

---

[1] As indicated, this action arises from Debtors' motion to withdraw reference, filed originally in their bankruptcy proceeding and transmitted to this Court, per the procedures established in 28 U.S.C. § 157. (Docket No. 1.) Debtors have also filed a "complaint" and "first amended complaint" restating their reasons for seeking withdrawal. (Docket Nos. 3, 11.) These filings are liberally construed as a collective motion for withdrawal of reference.

**1**   Subsequently, on July 6, 2010, Debtors filed in this Court a "Motion to Withdraw
**2** Reference Pursuant to 28 U.S.C. § 157(d)." (Docket No. 23.)  By that motion, Debtors again
**3** ask this Court to withdraw the reference to the bankruptcy court, and argue that "Full
**4** Discovery in District Court is needed to address our Complaint's first and foremost contention
**5** is that plaintiff discovered fraudulent charges to Plaintiff/Debtor." (Id.)  Debtors further
**6** indicate that they "seek solution to the July 2, 2010 … Order Denying Debtor's Motion to
**7** Compel Responses as premature …." (Id.)

**8**  II.   **LEGAL STANDARD**

**9**   Federal courts have original jurisdiction over civil proceedings arising in or related to
**10** bankruptcy cases.  28 U.S.C. § 1334(a); In re McGhan, 288 F.3d 1172, 1179 (9th Cir. 2002).
**11** The district court may refer such matters to a bankruptcy judge.  28 U.S.C. § 157(a); see also
**12** N.D. Cal. B.L.R. 5011-1(a) (referring bankruptcy cases under Title II and civil proceedings
**13** arising thereunder to the bankruptcy court).  Section 157 "classifies matters as either 'core
**14** proceedings,' in which the bankruptcy court 'may enter appropriate orders and judgments,' or
**15** 'non-core proceedings,' which the bankruptcy court may hear but for which it may only submit
**16** proposed findings of fact and conclusions of law to the district court for de novo review."  Sec.
**17** Farms v. International Broth. of Teamsters, Chauffers, Warehousemen & Helpers, 124 F.3d
**18** 999, 1008 (9th Cir. 1997) (quoting 28 U.S.C. § 157).  "Actions that do not depend on
**19** bankruptcy laws for their existence and that could proceed in another court are considered
**20** 'non-core.'"  Id.

**21**   A reference to the bankruptcy court may be subject to a permissive or mandatory
**22** withdrawal, depending on the circumstances presented.  See 28 U.S.C. § 157(d).  A court may
**23** consider a motion for withdrawal of reference only if it is timely.  Id.  "A motion to withdraw is
**24** timely if it was made as promptly as possible in light of the developments in the bankruptcy
**25** proceeding."  Sec. Farms, 124 F.3d at 1007, n.3 (internal quotation marks omitted).[2]

**26**
_____

**27**   [2] Wells Fargo does not dispute that Debtors' motion was timely filed.  Indeed, Debtors initially filed this motion with the bankruptcy court on January 15, 2010, less than two months after their December 9, 2009 Chapter 7 filing.
**28**

As indicated, withdrawals under section 157(d) may be permissive or mandatory. With respect to permissive withdrawal, "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). "In determining whether cause exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." Sec. Farms, 124 F.3d at 1008. District courts should also consider whether the matter is core or non-core, "since it is upon this issue that questions of efficiency and uniformity will turn." In re Orion Pictures Corp., 4 F.3d 1095, 1101 (2nd Cir. 1993) (explaining "the fact that a bankruptcy court's determination on non-core matters is subject to de novo review by the district court could lead the latter to conclude that in a given case unnecessary costs could be avoided by a single proceeding in the district court. Conversely, hearing core matters in a district court could be an inefficient allocation of judicial resources given that the bankruptcy court generally will be more familiar with the facts and issues.").

Withdrawal is mandatory under Section 157(d) where "the [district] court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). In determining whether a case satisfies section 157(d)'s mandatory withdrawal provision, a court should consider whether the case requires "substantial and material consideration of non-bankruptcy federal law." Sec. Farms, 124 F.3d at 1008. By contrast, permissive withdrawal does not hinge on the presence of substantial and material questions of non-bankruptcy federal law. Id.

The burden of establishing the propriety of withdrawing the reference is on the party seeking withdrawal. FTC v. First Alliance Mortgage Co., 282 B.R. 894, 902 (C.D. Cal. 2001).

### III.  DISCUSSION

#### A.  Permissive Withdrawal

In liberally construing Debtors' moving papers, the only matter that they seek to withdraw from the bankruptcy court is their challenge to Wells Fargo's lien. Indeed, Debtors'

initial withdrawal motion was entitled "MOTION TO WITHDRAW REFERENCE, as to Void the Wells Fargo Liens Against Debtors' House for Fraud by Wells Fargo Bank."  (Docket No. 1.)  Moreover, those same fraud allegations formed the basis for Debtors' unsuccessful challenge before the bankruptcy court to Wells Fargo's lien.  (Docket No. 1.)  Notably, Debtors do not indicate any other aspect of their bankruptcy proceeding that they desire to be withdrawn from the bankruptcy court.

Debtors' challenge to the lien of their creditor, Wells Fargo, is a "core" proceeding.  Specifically, 28 U.S.C. § 157(b)(2) lists various types of proceedings deemed by Congress to be core proceedings.  Sections 157(b)(2)(A)-(C) provide that core proceedings include "(A) matters concerning the administration of the estate; (B) allowance or disallowance of claims against the estate or exemptions from property of the estate …, (C) counterclaims by the estate against persons filing claims against the estate."  Wells Fargo's lien is a claim against Debtors' estate in the Chapter 7 bankruptcy proceeding.  Moreover, Debtors' affirmative assertions of fraud can be construed as "counterclaims" against Wells Fargo.  In fact, Debtors explain that the allegedly fraudulent charges were "discovered at the Chapter 7 debt review," which indicates that Debtors' current allegations are tied to the bankruptcy laws and related proceedings.  (Docket No. 3.)

Having found that Debtors' challenge to Wells Fargo's lien is a "core" matter, the Court must determine whether Debtors have shown cause for withdrawal of this matter.  Again, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors.  Sec. Farms, 124 F.3d at 1008.

One primary factor weighing against withdrawal is the prevention of forum shopping.  Debtors are clearly unsatisfied with the bankruptcy court's denial of their motion to void Wells Fargo's lien, and are effectively seeking reconsideration of that denial by this Court.  This conclusion is bolstered by the fact that Debtors also seek discovery from Wells Fargo in this Court relating to the lien, and have even filed a motion to compel such discovery.

1   The remaining factors also counsel against granting Debtors' withdrawal motion.  As
2   explained, the bankruptcy court already rejected Debtors' challenge to the lien.  To retry that
3   very same matter would require the parties to educate this Court regarding the underlying facts
4   and issues, which would only delay these proceedings and increase the costs to both parties.
5   Additionally, hearing this core matter in this Court would be an inefficient allocation of judicial
6   resources given that the bankruptcy court is more familiar with the facts and issues.

7   Put simply, Debtors have not established that permissive withdrawal is appropriate in
8   this case.

### B.     Mandatory Withdrawal

"[W]ithdrawal is mandatory only when 'substantial and material consideration' of federal statutes other than the Bankruptcy Code 'is necessary for the <u>resolution</u> of a case or proceeding.'"  <u>In re Combustion Equipment Associates, Inc</u>., 67 B.R. 709, 711 (S.D. N.Y. 1986) (emphasis in original); <u>see also</u> 28 U.S.C. § 157(d) (withdrawal is mandatory when "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.").

Here, Debtors have failed to identify any non-Code federal statute that <u>necessarily</u> must be considered to <u>resolve</u> their challenge to Wells Fargo's lien.  This Court notes that Debtors allege in their "first amended complaint" a claim for violation of the Truth in Lending Act ("TILA") for "effecting a Fraudulent Transfer."  (Docket No. 11.)  However, Debtors have not indicated why a substantial and material consideration of TILA is necessary for resolution of their claim.  Again, the gravamen of Debtors' challenge to the lien is that fraudulent charges were made to their account without their knowledge.  Indeed, Debtors have also included a claim for constructive fraud under California Civil Code Section 1573.  Thus, Debtors' challenge lies primary in fraud, not under TILA's disclosure provisions.  See <u>Hauk v. JP Morgan Chase Bank USA</u>, 552 F.3d 1114, 1118 (9th Cir. 2009) ("Congress enacted TILA 'to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit,

1 and to protect the consumer against inaccurate and unfair credit billing and credit card
2 practices.'") (quoting 15 U.S.C. § 1601).

3     In sum, Debtors have not shown that their challenge to Wells Fargo's lien in their Chapter
4 7 bankruptcy proceeding is subject to mandatory withdrawal.

**IV.   CONCLUSION**

    For the reasons stated above,

    IT IS HEREBY ORDERED THAT Debtors' Motion for Withdrawal of Reference is DENIED.  The Clerk shall close the file and terminate all pending matters.

    IT IS SO ORDERED.

Dated:  September 2, 2010

                                                                  SAUNDRA BROWN ARMSTRONG
                                                                  United States District Judge

1
2  UNITED STATES DISTRICT COURT
   FOR THE
3  NORTHERN DISTRICT OF CALIFORNIA

4  IN RE:  FRANCISCO MOLINA JR., ET AL. et al,
5
              Plaintiff,
6
      v.
7
   IN RE:  FRANCISCO MOLINA JR., ET AL. et al,
8
9             Defendant.
                                              /
10

11                                      Case Number: CV10-00575 SBA

12                                      **CERTIFICATE OF SERVICE**

13
   I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
14 Court, Northern District of California.

15 That on September 8, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said
   copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing
16 said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
   located in the Clerk's office.

17

18

19   USBC Manager-Oakland
   U.S. Bankruptcy Court
20 1300 Clay Street
   #300
21 Oakland, CA 94612

22
   Francisco Molina
23 810 Morrill Street
   Hayward, CA 94541

24
   Josephine Molina
25 810 Morrill Street
   Hayward, CA 94541

26
   Lois I. Brady
27 P.O. Box 12754
   Oakland, CA 94604

28

1 | Randall J. Newsome
2 | U.S. Bankruptcy Court
  | 1300 Clay Street, Suite 300
  | P.O. Box 2070
3 | Oakland, CA 94604

4 | Dated: September 8, 2010

Richard W. Wieking, Clerk

By: LISA R CLARK, Deputy Clerk

- 9 -